# IN GENERAL TERM, 1873.

DUDLEY ROGERS, Appellant, v. GUSTAVUS H. VOSS, ET AL.

PRINCIPAL, AND SURETY—*execution against.*
EXECUTION—*how and when may be levied.*

A joint execution directed against a principal and surety, is to be levied upon the property of both, but it must be satisfied in the order of their relation to the suit. If, after exhausting the property of the principal, the execution is unsatisfied, the Sheriff may then, in the life time of the execution, subject the property of the surety to the judgment.

Property that has passed into the custody of the court in bankruptcy, cannot be levied on by the Sheriff, unless his execution shows a prior lien on the property.

*Hanna & Knefler,* for appellant.

PERKINS, J.—Judgment was obtained by Mr. Voss, in the Marion Superior Court, against one Kelly, as principal, and Dudley Rogers, as surety. Execution was issued to Putnam county, where Kelly, the principal, resides, and where, if anywhere, he had property. Kelly filed a schedule, as allowed by statute, showing no property subject to execution. It would seem that the Sheriff had made sale of such property of defendant as he could find, before the filing of the schedule. The Sheriff then levied the execution on the property of Rogers, the surety, in Putnam county, and advertised it for sale. Rogers applied to the Superior Court for an injunction restraining the sale of his property. Injunc-

tion denied.   It appears that Kelly has been adjudged a bankrupt, and that no distribution had been made of the moneys realized from the assets of his estate, if. any had been ; and it is contended by Rogers that the estate of Kelly, the principal in the judgment, has not been so exhausted as to overthrow a levy on the property of the surety, (the plaintiff Rogers), and will not be till such distribution of the assets in bankruptcy takes place.   Dates are not given as particularly as they should have been, to enable the Court to get a clear view of the whole case, but on the point relied on in argument, it not being shown that the judgment or execution had priority by lien, we have not a doubt.   The section of the Statute under which the application for injunction is made, reads thus :   2 G. & H. p. 309, Sec. 675.

" If the finding upon such issue be in favor of the surety, the Court shall make an order directing the Sheriff to levy the execution, first upon, and exhaust the property of the principal, before a levy shall be made upon the property of the surety ; and the Clerk shall indorse a memorandum of the order on the execution."

It appears from this section that a joint execution issues against the principal, and surety—that said execution is to be levied by the Sheriff upon the property of both the principal, and surety ; but in this order, viz: he is first to levy on the property of the principal subject to execution, in his bailiwick, and sell it.   When he has done this he has exhausted the property of the principal.   He may then, in the life time of the execution, levy it on the property subject to execution of the surety, and sell it to satisfy the execution.   The exhaustion of the property of the principal is to be by the Sheriff, on the execution, and of course, relates only to property subject to the execution in the hands of the Sheriff. After the defendant's property passed into the custody of the Court in Bankruptcy, the Sheriff could not levy on it, unless

his execution was a prior lien on the property, a fact which is not shown in this case.

The judgment is affirmed.